UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**GHOST CONTROLS, LLC, a Florida
Limited Liability Company**

    **Plaintiff,**

v.                                                   Case No: 5:20-cv-288-Oc-37PRL

**GATE1ACCESS LLC. and JULIO
TOLEDO,**

    **Defendants.**

## ORDER

Before the Court is Defendant Julio Toledo's motion to set aside Clerk's default. (Doc. 28.). On August 12, 2020, upon Plaintiff Ghost Controls' motion for Clerk's entry of default (Doc. 16), default was entered by the Clerk against Defendants Gate1Access and Mr. Toledo. (Doc. 18). Ghost Controls filed a motion for default judgment against both of the defendants (Doc. 19), and a Report and Recommendation was issued. (Doc. 20). Toledo then submitted to the Court a copy of a letter that he attempted to send to Ghost Control's counsel. The letter is not styled as an answer or an objection, but it was docketed by the Clerk's office that way. (Docs. 21, 22). The Court treated the letter as a response to the motion for default judgment and ordered Mr. Toledo to file support for his response on or before December 16, 2020. (Doc. 26). Instead of filing support for his response, Mr. Toledo filed the instant motion to set aside the Clerk's default. (Doc. 28).

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause" shown the court may set aside an entry of default. The good cause standard under Rule 55(c) is a liberal standard and distinguishable from the more rigorous excusable neglect standard applicable to a request to set aside a default judgment. *Compania Interamericana Export-Import, S.A. v.*

*Compania Dominicana De Aviacion*, 88 F.3d 948 (11th Cir. 1996). In determining whether to set aside an entry of default the court considers whether the default is culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. *Id*. at 951.

Mr. Toledo has provided no good cause to set aside the entry of default. He has been aware of this suit, as evidenced by the letter he attempted to send to Ghost Controls' counsel, since July 24, 2020. At that point, he could have filed an answer in this case. Instead, he chose to do nothing until submitting the letter through the Court's online portal on October 29, 2020. In his motion, Mr. Toledo vaguely asserts that he has a meritorious defense, but does not provide the Court with any information as to what that defense might be. *Wortham v. Brown*, No. CV 214-105, 2015 WL 2152826, at *3 (S.D. Ga. May 7, 2015) ("It is well settled that general denials and conclusive statements are insufficient to establish a meritorious defense; the movant must present a factual basis for its claim."). Mr. Toledo also vaguely claims he "mishandle[ed], misfil[ed], and/or misplac[ed] the suit papers," but provides no reason why he attempted to send a letter to Ghost Controls' counsel instead of defending himself in this action.

Accordingly, Mr. Toledo's motion to set aside the entry of default (Doc. 28) is **DENIED.**

However, the Court will give Mr. Toledo another chance to respond to Ghost Controls' motion for default judgment. If Mr. Toledo seeks to contest <u>the motion for default judgment</u> as to him, he shall file support for his response to Ghost Controls' motion **on or before December 30, 2020.**

Mr. Toledo is advised (again) that he cannot represent Gate1Access, LLC in this proceeding. The corporate defendant must be represented by an attorney. If Mr. Toledo intends to represent himself, he is cautioned that despite proceeding pro se (i.e., without an attorney), he is

- 3 -

required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Mr. Toledo may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled *Guide for Proceeding Without a Lawyer*, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Mr. Toledo should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on December 18, 2020.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties