UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GHOST CONTROLS, LLC,

      Plaintiff,

v.                                 Case No. 5:20-cv-288-Orl-37PRL

GATE1ACCESS LLC; and JULIO
TOLEDO,

      Defendants.
_____

## <u>ORDER</u>

Plaintiff sued Defendants for trademark and copyright infringement. (Doc. 8.) Now Plaintiff moves for default judgment against Defendants, requesting monetary damages and injunctive relief. (Doc. 19 ("**Motion**").) On referral, U.S. Magistrate Judge Philip R. Lammens recommends the Court grant the Motion. (Doc. 20 ("**R&R**").)

After Judge Lammens issued his R&R, Defendant Julio Toledo, proceeding *pro se*, filed a "letter as a response to the complaint" dated three months before the R&R. (Doc. 22 ("**Letter**").) The Undersigned referred the matter back to Judge Lammens to determine how, if at all, the Letter affects his R&R. (Doc. 23.) After hearing from Plaintiff (Docs. 24, 25), Judge Lammens directed Mr. Toledo to file briefing by December 16, 2020 if he seeks to contest default judgment (Doc. 26). Instead, Mr. Toledo filed a motion to set aside the Clerk's default (Doc. 28), which was denied by Judge Lammens (Doc. 29). Judge Lammens extended Mr. Toledo's deadline to respond to the R&R to December 30, 2020. (Doc. 29.) Mr. Toledo failed to respond, so Judge Lammens stands by his R&R. (Doc. 30.)

Mr. Toledo did not properly object to the R&R and the time for doing so has now passed, despite multiple extensions. (*See* Docs. 20, 26, 29.) The Letter is not a proper objection to the R&R because it fails to mention the R&R, let alone specify which parts Mr. Toledo objects to. (*See* Doc. 22); *Macort v. Prem, Inc.*, 208 F. App'x 781, 783–85 (11th Cir. 2006). As such, the Court has examined the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan 28, 2016); *see also Macort*, 208 F. App'x at 784. Finding no such error, the R&R is due to be adopted in its entirety. All that remains is the scope of injunctive relief. The Court adopts Plaintiff's language, except for where it amounts to an obey-the-law injunction, missing the required specificity to be valid. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1200–01 (11th Cir. 1999).

Accordingly, it is **ORDERED AND ADJUDGED**:

1. U.S. Magistrate Judge Philip R. Lammens' Report and Recommendation (Doc. 20) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

2. Plaintiff's Motion for Entry of Final Default Judgment (Doc. 19) is **GRANTED**.

3. The Clerk is **DIRECTED** to enter default judgment in favor of Plaintiff and against Defendants.

4. The Court **AWARDS** Plaintiff $106,000 in statutory damages and $12,350 in attorney's fees.

5. Defendants, their employees, agents, officers, directors and assigns, and all of those in active concert and participation with any of the foregoing

persons, are **PERMANENTLY ENJOINED** from:

a.    Manufacturing, distributing, selling, marketing, advertising or promoting, any goods bearing marks confusingly similar to or identical to Plaintiff's trademarks or containing any copyrighted work;

b.    Making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that:

    i.    Defendants' goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff; or

    ii.    Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated or otherwise connected with Defendants;

c.    Registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Ghost Controls trademarks or any other mark that infringes or is likely to be confused with Plaintiff's Ghost Control trademarks, or any goods or services of Plaintiff, or Plaintiff as their source;

6.    Defendants are **DIRECTED** to:

a.    Immediately cease all manufacture, display, distribution, marketing,

advertising, promotion, sale, offer for sale and/or use of any and all materials that feature or bear any designation or mark incorporating the Ghost Controls Trademarks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation or colorable imitation of Plaintiff's Ghost Control Trademarks;

b.  Recall and deliver up for destruction or other disposition all goods, packaging, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the Ghost Controls Trademarks or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's Ghost Controls Trademarks;

c.  Destroy or deliver up for destruction all materials in Defendants' possession, custody or control used by Defendants in connection with Defendants' infringing conduct, including without limitation all remaining inventory of the copyrighted material and any products and works that embody any reproduction or other copy or colorable imitation of the copyrighted material, as well as all means for manufacturing them;

d.  At their own expense, recall and destroy or deliver up for destruction the copyrighted material from any distributors, retailers, vendors, or others that have distributed the material on Defendants' behalf, and any products, works, or other materials that include, copy, are

-4-

derived from, or otherwise embody the copyrighted material.

7.    The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 6, 2021.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Party