# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**GHOST CONTROLS, LLC, a Florida Limited Liability Company**

    **Plaintiff,**

v.                                                            Case No: 5:20-cv-288-RBD-PRL

**GATE1ACCESS LLC. and JULIO TOLEDO,**

    **Defendants.**

___

## ORDER

Before the court is Ghost Controls's motion to compel and for sanctions (Doc. 47). Defendants have responded (Doc. 53) and Ghost Controls filed a reply. (Doc. 57).

On January 6, 2021, the Court entered an Order granting Ghost Controls's motion for entry of final default judgment, awarding Plaintiff $106,000 in statutory damages and $12,350 in attorney's fees. (Doc. 31). On May 3, 2021, Ghost Controls served post-judgment requests for production to the defendants. Ghost Controls claims that the documents it received were incomplete and an unorganized "document dump" in violation of Rule 34 of the Federal Rules of Procedure.

Defendants produced 232 pages of documents, in two sets of compiled PDF files, each containing bookmarks identifying and delineating between each document to allow for navigation between the documents. The documents were organized to keep similar categories next to each other and put in a chronological order. Defendants provided the bookmarks naming the documents to the court, which clearly explained which documents were provided

within the bookmark.[1] (Doc. 53). Ghost Controls's issue with this manner of production is that it doesn't strictly comply with Rule 34 and the documents do not indicate which request they correspond to, or which defendant is producing the document.

Rule 34(b)(2)(E)(i) provides that (unless otherwise stipulated or ordered by the court):

---

[1] The documents produced to Ghost Controls were labeled and organized in a PDF file as follows:
  a. Lake County Tax Collector's Real Property Assessments 2020
  b. 2018 Form 1120S for Gate1Access LLC
  c. 2019 Form 1120S for Gate1Access LLC
  d. January through June 2019 Bank Statements for Gate1Access LLC
  e. July through December 2019 Bank Statements for Gate1Access LLC
  f. January through June 2020 Bank Statements for Gate1Access LLC
  g. July through December 2020 Bank Statements for Gate1Access LLC
  h. January 2021 Bank Statement for Gate1Access LLC
  i. February 2021 Bank Statement for Gate1Access LLC
  j. March 2021 Bank Statement for Gate1Access LLC
  k. April 2021 Bank Statement for Gate1Access LLC
  l. May 2021 Bank Statement for Gate1Access LLC
  m. 2019 Personal Bank Statements for Mr. Toledo
  n. 2020 Personal Bank Statements for Mr. Toledo
  o. January 2021 Bank Statement for Mr. Toledo
  p. February 2021 Bank Statement for Mr. Toledo
  q. March 2021 Bank Statement for Mr. Toledo
  r. April 2021 Bank Statement for Mr. Toledo
  s. May 2021 Bank Statement for Mr. Toledo
  t. Cancelled Checks for Gate1Access LLC for 2019-2021
  u. Form 1099K issued by Amazon to Gate1Access LLC 2017
  v. Form 1099K issued by Amazon to Gate1Access LLC 2018
  w. Form 1099K issued by Amazon to Gate1Access LLC 2019
  x. Form 1099K issued by Amazon to Gate1Access LLC 2020
  y. Form 1099K issued by eBay to Gate1Access 2020
  z. Annual Report of Gate1Access LLC for 2020 with Florida Division of Corporations
  aa. Invoice from Supplier for August 2020
  bb. Invoice from Supplier for September 2020
  cc. Invoice from Supplier for October 2020
  dd. Invoice from Supplier for November 2020
  ee. Invoice from Supplier for January 2021
  ff. Invoice from Supplier for February 2021
  gg. Invoice from Supplier for March 2021
  hh. Invoice from Supplier for May 2021

"[a] party must produce the documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." The rule came out of "the disfavor shown by courts to the dumping of massive quantities of documents, with no indexing or readily apparent organization, in response to a document request from an adversary." *Michael K. Sheils Tr. v. Kuhn*, No. 6:08-CV-1704-ORL-DAB, 2009 WL 10670734, at *1–2 (M.D. Fla. July 10, 2009) (internal quotations omitted).

"To comply with the rule, a party must rationally organize its productions, so that the requesting party may readily identify documents. . . that are responsive to the production requests." *Teledyne Instruments, Inc. v. Cairns*, No. 6:12-CV-854-ORL-28, 2013 WL 5781274, at *8 (M.D. Fla. Oct. 25, 2013) (internal quotations omitted). The Middle District Discovery Handbook (2021) provides additional guidelines for the manner of production:

> If the documents are produced to correspond with the categories in the request, some reasonable effort should be made to identify certain groups of the produced documents with particular categories of the request or to provide some meaningful description of the documents produced. The producing party is not obligated to rearrange or reorganize the documents.

Here, it appears the defendants' organization is rational in that it clearly identified the documents, grouped them with similar documents, and ordered them chronologically. Defendants did not dump massive quantities of documents on Ghost Controls with no readily apparent organization. Accordingly, Ghost Controls's motion to compel the reorganization of the documents is due to be denied.

Next, Ghost Controls claims that the defendants' production was grossly incomplete. Defendants assert that they do not have any other documents to produce, and although Julio Toledo believed certain documents would be obtainable, he learned that they either did not exist or were unobtainable. Mr. Toledo claims he did provide responsive documents to

requests numbers 3 and 30 and Gate1Access provided responses to request numbers 5, 6, 7, 9, 10, and 21. Defendants assert that any other requests are unobtainable because the defendants are not in possession of the documents.

Nonetheless, Ghost Controls still asserts that the discovery provided was insufficient and incomplete. For example, Ghose Controls requested "'[b]ank statements and cancelled checks… for a period of twenty-four (24) month up to and including the date of the deposition for each Defendant." (Docs. 47-3, 47-4). Defendants responded that they did not possess such documents and suggested Ghost Controls's counsel serve subpoenas on the third-party entities in possession of such documents. (Doc. 57-1). Rule 34 requires the parties to produce documents in the party's "possession, custody, or control." "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). Defendants have control over their bank statements and cancelled checks. *See Kearney Constr. Co. LLC v. Travelers Cas. & Sur. Co. of Am.*, No. 8:09-CV-1850-T-30TBM, 2016 WL 8943269, at *2 (M.D. Fla. May 2, 2016) (finding that a plaintiff has control over bank statements and cancelled checks).

Ghost Controls also requested "documents reflecting or identifying the relationship between Gate1Acess and Remotedeals, LLC" and "all correspondence, promissory notes, contract, or other writings or copies thereof, for the past three (3) years that show or Document any monies owed to Gate1Access or monies that are presently owed or have owed to any other person or entity regardless of whether said monies are still due and owning." (Doc. 47-4). Gate1Access responded that it, "is not in possession of any material responsive to this request." (Doc. 47-4). Ghost Controls requests this information because shortly after the Court entered default judgment against the defendants, Gate1Access wrote two checks to

Remotedeals totaling $175,000. The memo line on the checks were left blank. Remotedeals was formed on January 1, 2021, and the Manager and Registered Agent is Silvia Toledo (Julio Toledo's wife). (Doc. 57-4). The mailing address for Remotedeals, Gate1Access, and Julio Toledo are all the same. (Docs. 57-4, 57-5).

Additionally, Ghost Controls requested from Julio Toledo "[d]ocuments reflecting Your interest in, Your position in, as well Your duties in regard to Remotedeals, LLC," (Doc. 47-3) and from Gate1Access "[d]ocuments reflecting or identifying the relationship between Gate1Access and Silvia Toledo." (Doc. 47-4). Defendants responded that neither were in possession of any materials responsive to the requests, despite the checks signed by Julio Toledo transferring funds from Gate1Acces to Silvia Toledo's company (Remotedeals), the significant amount of money transferred, and the fact that both entities have the same address.

Further, Ghost Controls claims it hasn't received the requested three years of tax records from both defendants or documents regarding Gate1Access's product development and methods of selling the infringing products. As discussed above, discovery under Rule 34 is not limited to documents in one's personal possession. Although the defendants may not be "in possession" of these documents, the documents certainly would be considered within their "control."

Accordingly, Ghost Controls's motion to compel the production of all documents within the defendants' possession, custody, or control is due to be **GRANTED**. Defendants must provide all outstanding requests for discovery on or before **September 13, 2021** and shall pay all costs and fees incurred by the plaintiff in making the motion.[2] This includes

---

[2] Ghost Controls should file the appropriate motion to collect expenses under Rule

documents from Julio Toledo for requests 2, 3, 8, 16, 24, 27, and 30, and documents from Gate1Access for requests 1, 3-7, 9, 10, 14, 18, 19, 21 and 25. To the extent that the defendants have not provided discovery documents because they were not in their personal "possession" but otherwise in their "control," they are ordered to obtain the documents and provide them to Ghost Controls on or before **September 13, 2021.**

Moreover, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility. The district's attorneys and the Court are justifiably proud of the courteous practice that is traditional in the Middle District." Middle District Discovery (2021) at 1. Cooperation, courtesy, civility—these ideals should be strived for by all parties, even the parties here, on both an individual and a collective basis. Being cooperative, courteous, and civil doesn't mean that parties can't be adversarial, or attorneys anything less than zealous advocates. The parties here are reminded of this, and the Court expects counsel to work together in good faith to resolve any other issues.

**DONE** and **ORDERED** in Ocala, Florida on September 3, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

37(a)(5)(A) within ten days, and Defendants may file a response within ten days thereafter.