## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**GHOST CONTROLS, LLC, a Florida**
**Limited Liability Company**

      **Plaintiff,**

**v.**                                          **Case No: 5:20-cv-288-RBD-PRL**

**GATE1ACCESS LLC. and JULIO**
**TOLEDO,**

      **Defendants.**

_____

### ORDER

      Ghost Controls seeks to commence proceedings supplementary and to implead Remotedeals, LLC, and Silvia Toledo (Julio Toledo's wife and apparent owner of Remotedeals, LLC). (Doc. 48). Defendants are not opposed to the commencement of supplemental proceedings and the issuance of a notice to appear as to Remotedeals, LLC, but object to the issuance of a notice to appear as to Mrs. Toledo. (Doc. 54).

      On January 6, 2021, the court entered an Order granting Ghost Controls's motion for entry of a final default judgment, awarding Plaintiff $106,000 in statutory damages and $12,350 in attorney's fees against the defendants. (Doc. 31). On May 3, 2021, Ghost Controls served post-judgment requests for production to the defendants and discovered that shortly after the default judgment was entered against them, Gate1Access and Mr. Toledo began transferring substantial amounts of money to Remotedeals, LLC.

      "A supplemental proceeding is an assertion of an equitable claim against assets of the judgment debtor in the possession of an impleaded party, regardless of whether the impleaded party's role in receiving and possessing the assets is rightful (e.g., a gift prompted by affection)

or wrongful (e.g., the impleaded party purchased assets of the judgment debtor at a conspiratorially low price)." *Estate of Jackson v. Ventas Realty, Ltd., Partnership*, 812 F. Supp.2d 1306, 1310 (M.D. Fla. 2011). Generally, it allows the judgment creditor to identify and marshal the assets of the judgment debtor in the hands of an impleaded party without the necessity of asserting a cause of action personally against the impleaded party. *Id.*

Rule 69 of the Federal Rules of Civil Procedure provides that proceedings supplementary to and in aid of judgment or execution "must accord with the procedure of the state where the court is located." In Florida, post-judgment supplementary proceedings are governed by Fla. Stat. § 56.29. This statute "empowers the Florida court that rendered a judgment to 'order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt.'" *Id* at 1309.

Section 56.29(1) imposes two jurisdictional prerequisites for the commencement of proceedings supplementary: (1) an unsatisfied judgment or judgment lien and (2) an affidavit averring the judgment or writ is valid and unsatisfied along with a list of persons to be impleaded. *Morningstar Healthcare, LLC v. Greystone & Co., Inc.*, No. 8:05-cv-949-T-MAP, 2008 WL 1897590, at *1 (M.D. Fla. April 28, 2008). Compliance with these prerequisites provides the predicate for impleading any named third parties to the supplementary proceedings. *Id.* No other showing is required to implead the third party. *Id.*

The affidavit of Joseph A. Kelley, the Chief Executive Officer of Ghost Controls, satisfies the requirements of § 56.29. In his affidavit, Mr. Kelley avers that the Court entered final judgment against the Defendants; awarding Ghost Controls $106,000 in statutory damages and $12,350 in attorney's fees, and the judgment is valid and outstanding. (Doc. 54-

1). The affidavit also states that shortly after final judgment was entered in this case, Gate1Access and Julio Toledo began transferring substantial amounts of money to Remotedeals and Silvia Toledo. (Doc. 54-1). Copies of the checks are attached to the affidavit, along with records from the Florida Division of Corporations, showing that Remotedeals and Gate1Access share the same address and Silvia Toledo is listed as the manager and registered agent of Remotedeals. (Doc. 54-1). Based on these statements, Ghost Controls's request to commence proceedings supplementary as to Remotedeals and Silvia Toledo is due to be granted.

Ghost Controls also requests that the court issue a Notice to Appear to Remotedeals and Silvia Toledo and set a date certain for them to file an affidavit in response to the Notice to Appear. Section 56.29(2) provides:

> The judgment creditor shall, in the motion described in subsection (1) or in a supplemental affidavit, describe any property of the judgment debtor not exempt from execution in the hands of any person or any property, debt, or other obligation due to the judgment debtor which may be applied toward the satisfaction of the judgment. Upon filing of the motion and affidavits that property of the judgment debtor, or any debt, or other obligation due to the judgment debtor in the custody or control of any other person may be applied to satisfy the judgment, then the court shall issue a Notice to Appear.

Defendants do not oppose the request to commence proceedings supplementary and issuance of the notice to appear as to Remotedeals, but do oppose it as to Silvia Toledo because there is no description of property of Gate1Access purportedly in the hands of Silvia Toledo. The Notice to Appear "must describe with reasonable particularity the property, debt, or other obligation that may be available to satisfy the judgment." Fla. Stat. § 56.29(2); *SMS Fin. J, LLC v. Cast-Crete Corp.*, No. 818MC00008CEHJSS, 2018 WL 1726434, at *3 (M.D. Fla. Apr. 10, 2018).

Ghost Controls attached the proposed Notices to Appear to its motion and provided the following property description in both notices to appear: "money transferred to you on January 25, 2021, and February 9, 2021, in the total amount of $175,000, by Julio Toledo and Gate1Access, LLC." (Docs. 48-2, 48-3). However, the checks solely named Remotedeals, LLC, not Silvia Toledo. (Doc. 54-1). Although Silvia Toledo is the manager and registered agent of Remotedeals, Ghost Controls has not described with reasonable particularity what property of hers may be available to satisfy the judgment.

Accordingly, Ghost Controls's motion to commence proceedings supplementary and to implead third parties (Doc. 48) is **granted** to the extent that Ghost Controls is entitled to proceedings supplementary as to Remotedeals, LLC and Silvia Toledo, and a Notice to Appear issued as to Remotedeals, LLC. The motion is **denied** without prejudice as to Ghost Controls's request that the Court issue a Notice to Appear as to Silvia Toledo. Ghost Controls may file a supplemental motion and affidavit with a proposed Notice to Appear with updated property descriptions if it seeks to do so within 21 days.

Further, while Ghost Controls's motion contends that Defendants and Remotedeals "is a de facto merger", it appears, based on its discussion that the transfer of funds was fraudulent (see, e.g., Doc. 48, ¶¶ 14, 15), that it is seeking disgorgement of the money transferred to Remotedeals pursuant to the commencement of the proceedings supplementary and notice to appear (the relief sought in its motion), as opposed to liability for the judgment against Remotedeals and Silvia Toledo, which would require the additional filing and serving of an impleader complaint (which wasn't specifically requested in the motion). *SMS Fin. J, LLC v. Cast-Crete Corp.*, 2018 WL 1726434, at *2 (M.D. Fla. Apr. 10, 2018) (noting that "while the Court has jurisdiction to implead Cast–Crete USA, LLC and Cast–Crete USA, Inc., and

disgorge assets Cast–Crete Corporation fraudulently transferred to them, the Court lacks jurisdiction to hold Cast–Crete USA, LLC and Cast–Crete USA, Inc. liable for the Judgment unless SMS separately establishes the Court's original jurisdiction over such a claim" and that for such relief "the proper course of action is for SMS to file and serve an impleader complaint in which it can allege its 'alter ego/mere continuation theory of liability.'") (citations omitted). To the extent Ghost Controls does seek to hold either Remotedeals, LLC, or Silvia Toledo or both liable for the judgment it shall file the impleader complaint within 45 days and serve it accordingly.

**DONE** and **ORDERED** in Ocala, Florida on September 3, 2021.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties