**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**GHOST CONTROLS, LLC, a Florida Limited Liability Company**

    **Plaintiff,**

v.                                                  Case No: 5:20-cv-288-RBD-PRL

**GATE1ACCESS LLC. and JULIO TOLEDO,**

    **Defendants.**

## ORDER

On September 3, 2021, the Court granted in part Plaintiff's motion to compel and ordered Defendants to pay reasonable attorney's fees and expenses incurred by Plaintiff in preparing and filing the motion. (Doc. 58). The Court directed Plaintiff to file the appropriate motion to collect expenses and permitted Defendants to file a response in opposition ten days thereafter. On September 13, 2021, Plaintiff filed a notice of filing an affidavit of attorney's fees. (Doc. 60). Defendants have responded. (Doc. 61).

As an initial matter, the court will construe Plaintiff's notice as a motion and consider it timely. If a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Such an award is not warranted if the movant did not make a good faith attempt to resolve the discovery dispute without court action, the opposing party's objection or failure to produce the discovery was

substantially justified, or awarding expenses would otherwise be unjust. *Id.* Rule 37(a)(5)(A)(i)-(iii).

In the response, Defendants argue that their positions as to responsive documents were substantially justified. Whether Defendants' objections were "substantially justified" depends on if "there is a genuine dispute." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Defendants claim that certain document categories were misunderstood by the court, and that they are not in possession of the documents because they do not exist. However, Defendants clearly suggested that Plaintiff's counsel serve subpoenas on third party entities in possession of certain documents, which the court discussed in the Order. (Docs. 57-1, 58). Further, the defendants were ordered to produce all document within their possession, custody, or control. Any documents that simply do not exist would not be considered within their possession, custody, or control. Plaintiff is entitled to attorney's fees incurred in preparing and filing the motion to compel.

While Plaintiff has a right to attorney's fees incurred in making his successful motion to compel, the Court has a corresponding duty to ensure that such an award is reasonable. In determining a reasonable attorney's fee, the Court applies the federal lodestar approach, which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Once the court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors,

including the results obtained. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988).

Plaintiff seeks to recover a total of $4,650, consisting of 20.75 hours of work done by Andrew S. Rapacke at $200/hour and 2.5 hours of work done by Benjamin Bedrava at $200/hour. Defendants request that the number of hours requested be reduced because the motion was denied as to the request to compel the reorganization of documents. The court agrees that a reduction is warranted. Further, a total of 23.25 hours is excessive considering the issues raised in the motion and the reply. Therefore, the court finds that a 60% reduction is appropriate, and a total of 9.3 hours is a reasonable number of hours necessary to prepare the motion and reply, under the circumstances. *Cf. Brancato v. Cotrone*, No. 5:18-cv-368, 2019 WL 6051432, at *2 (M.D. Fla. Nov. 15, 2019) (finding 8.1 hours reasonable for a motion to compel, response to a cross motion, and the instant motion); *Cake v. Casual Concepts, Inc.*, No. 3:16-cv-102, 2017 WL 3917001, at *9 (M.D. Fla. Aug. 16, 2017) (finding 3.6 hours reasonable for a motion to compel); *Pharis v. Kirkman Mangmt., LLC*, No. 6:12-cv-1748, 2013 WL 3001088, at *3 (M.D. Fla. Nov. 12, 2013) (allowing 2.8 hours for a motion to compel).

The court must also determine the reasonableness of the hourly rate sought by the plaintiff. Here, Mr. Rapacke's normal billing rate is $400/hour and Mr. Bedrava's normal rate is $300/hour, but each has agreed to a reduced fee of $200/hour. Defendant has not objected to the hourly rate. Having considered the complexity of the case and the court's knowledge of market rates in the Ocala Division, the court agrees that the requested hourly rate of $200/hour is appropriate.

Accordingly, Plaintiff's request for attorney's fees (Doc. 60) is GRANTED in the amount of **$1,860.**

**DONE** and **ORDERED** in Ocala, Florida on September 30, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties